UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JUAN ANTONIO CEPEDA,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| THE UNITED STATES OF AMERICA,<br>    Defendant. | §<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **JUAN ANTONIO CEPEDA**, hereinafter referred to as Plaintiff, complaining of **THE UNITED STATES OF AMERICA** Government, hereinafter referred to as Defendant, and for his cause of action would respectfully show unto the Court and Jury as follows:

### I. JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1.0   Plaintiff, **JUAN ANTONIO CEPEDA**, is a resident of Eagle Pass, Maverick County, Texas, and thus a resident of the Southern District of Texas.

1.1   The claim herein is brought against as compensation for personal and bodily injuries caused by the negligent and wrongful acts and omissions of a Federal employee of a tribe or tribal organization who was performing authorized functions under the Tribe's funding contract with the Bureau of Indian Affairs pursuant to the Indian Self Determination and Education Assistance Act (hereinafter referred to as "ISDEAA"), Pub. L. 101-512 §314, 25 U.S.C. §450f while acting within the scope of her office and employment.

1.2   Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of Texas, and arose from a motor vehicle accident that

occurred on land owned by the Kickapoo Traditional Tribe of Texas involving a Federal employee of the Kickapoo Traditional Tribe of Texas.

1.3    Plaintiff has complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

1.4    This suit has been timely filed, in that Plaintiff timely served notice of his claim on Office of General Counsel in July 2020, and the Bureau of Indian Affairs and U.S. Department of the Interior in June 2020. The Office of General Counsel assumed responsibility for processing the claim on behalf of all agencies, but in spite of numerous attempts to resolve the claim, no decision was rendered by the government.

## II. EVENTS FORMING THE BASIS OF THE CLAIM

2.0    On or about February 19, 2019, **JUAN ANTONIO CEPEDA** was standing at the rear of his 2010 White Ford Transit Van at the Kickapoo Nutrition Center located at 2198 Rosita Valley Road, Eagle Pass, Maverick County, Texas. Defendant's Federal employee, Norma Irene Ferrer**,** was at the same location as Plaintiff, and drove her vehicle in reverse in front of Plaintiff's vehicle and collided with his vehicle causing the Plaintiff's vehicle to hit him. This collision caused injuries to the Plaintiff, **JUAN ANTONIO CEPEDA.**

## III. Negligent Actions

3.0    On the occasion in question, Defendant's Federal employee, Norma Irene Ferrer, operated a 2017 White GMC Sierra Pickup Truck owned by Kickapoo Traditional Tribe Of Texas**,** in a negligent manner, in that she violated the duty which she owed Plaintiff, **JUAN ANTONIO CEPEDA** to exercise ordinary care in the operation of a motor vehicle in one or more of the following respects:

   a.   In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

   b.   In failing to timely apply the brakes to her vehicle in order to avoid the collision in question;

  c. In failing to take proper evasive action and avoid the collision in question;

  d. In failing to control the speed of her vehicle to avoid the collision in question;

  e. In failing to maintain attention while driving as a reasonable prudent person would have done;

  f. In driving her vehicle in willful or wanton disregard for the safety of other persons in violation of §545.401of the Texas Transportation Code, which constitutes negligence and negligence per se.

3.1 Plaintiff would further show that the above and foregoing acts were separate and distinct acts of negligence and that they are the direct and proximate cause of the incident in question and the Plaintiff's resultant injuries as will be more accurately described herein below.

3.2 Each of these acts and omissions, singularly or in combination with such other acts and omissions constituted negligence and negligence per se which proximately caused the accident made the basis of this lawsuit, and the damages and injuries suffered by the Plaintiff.

## IV Damages of JUAN ANTONIO CEPEDA

4.0 As a result of the collision made the basis of this action, Plaintiff, **JUAN ANTONIO CEPEDA,** has suffered physical pain and mental anguish. In all reasonable probability, he will continue to suffer such physical pain and mental anguish for a long time into the future, if not for the balance of his natural life.

4.1 As a further result of the Defendant's negligence, Plaintiff, **JUAN ANTONIO CEPEDA,** has been caused to incur reasonable and necessary medical expenses in the past and in all probability, will continue to so incur reasonable and necessary medical expenses in the future.

4.2 Plaintiff, **JUAN ANTONIO CEPEDA**, would further show that as a result of the injuries he sustained due to the Defendant's negligence, he has suffered physical impairment in the past and in all reasonable probability, he will continue to so suffer physical impairment in the future.

4.3     Plaintiff, **JUAN ANTONIO CEPEDA,** would further show that he has been unable to perform his regular household chores and/or services due to the Defendant's negligence and thus, Plaintiff hereby sues said Defendant for his loss of household chores and/or services.

4.4     Plaintiff, **JUAN ANTONIO CEPEDA,** would further show that he has been unable to perform his regular work activities due to the Defendant's negligence and thus, Plaintiff hereby sues said Defendant for his loss of wages and loss of wage-earning capacity.

## V. Pre-Judgment and Post-Judgment Interest

5.0     Plaintiff, **JUAN ANTONIO CEPEDA,** further allege that he is entitled to recover pre-judgment and post-judgment interest at the legal rate as provided for by the case of Cavnar v. Quality Control Parking, Inc., 696 S.W.2d 549, (Tex. 1985) and by Section 304 of the Texas Finance Code.

5.1     By reason of all of the above and foregoing elements, Plaintiff, **JUAN ANTONIO CEPEDA**, has suffered losses and damages in a sum that far exceed the minimum jurisdictional limits of this Court and for which he hereby sue said Defendant.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby request that Defendant be cited to appear and answer herein, and that on final trial hereof, Plaintiff have and recover the following:

1. Judgment against Defendant for a sum of $5,000,000.00, with interest at the legal rate as prescribed by law; plus

2. Pre-judgment and post-judgment interest at the prevailing legal rate as provided by law and by statute; plus

3. Costs of suit and all attorney's fees incurred by Plaintiff in this civil action; and

4. Such other and further relief, both general and special at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**GONZALEZ & ASSOCIATES, P.C.**
269 N. Ceylon Street
Eagle Pass, Texas 78852
Tel: (830) 757-8323
Fax: (830) 757-8327


By: "/s/" *Antonio Gonzalez*
**ANTONIO GONZALEZ**
State Bar No. 24085786
Email: antonio@gonzalezandassociates.org
ATTORNEY IN CHARGE FOR PLAINTIFF


## DEMAND FOR JURY

NOW COMES, Plaintiff in the above entitled and numbered cause, respectfully request a trial by jury.


"/s/" *Antonio Gonzalez*